**RUBENSTEIN, Plaintiff-Appellant, v. WATSON, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22994.   Decided March 17, 1954.

Dale D. Rubinstein, Sheldon L. Perry, Cleveland, for plaintiff-appellant.

Paul Dixon, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law from a judgment entered for the defendant for costs.

The plaintiff's action was for attorney fees for legal services rendered on behalf of the defendant's wife in a divorce action in which this defendant was plaintiff and his wife defendant.   The plaintiff alleges that she was employed as counsel for defendant's wife in said divorce action.   It is further alleged that the wife was destitute, that this defendant owed her support and was liable for necessaries expended in her behalf.   It is alleged that upon being retained as counsel by defendant's wife, she filed an answer and cross-petition in her behalf, together with a motion for temporary alimony and attorney fees which services were in the nature of necessaries on behalf of defendant's wife and the

reasonable value thereof was $250.00 which the defendant refuses to pay. The defendant filed a demurrer to said petition on the ground that it did not state a cause of action. The court sustained the demurrer and the plaintiff not desiring to plead further judgment was entered against her.

In the briefs and argument of counsel it was stated by plaintiff that after she had performed said services, the parties to the divorce case were reconciled and the petition for divorce was dismissed before the court passed on the motion filed by plaintiff. It is to be noted that there is no such allegation in plaintiff's petition, which in our opinion is fatal to its sufficiency. If the divorce action is still pending the right of directing plaintiff in the divorce case to pay alimony pendente lite and necessary attorney fees for the defendant's wife so that she may defend herself in the action, is exclusively within the jurisdiction of the common pleas court. And if the common pleas court made such an order it would be for that court to enforce the same. A cause of action for a claim as is here attempted to be set forth, could only be stated if, after work had been done to protect the wife as defendant, in the divorce action, such work being necessary for that purpose because of the husband's neglect of her and thereafter the divorce action is dismissed before the common pleas court acted upon the plaintiff's request to fix temporary alimony and attorney fees.

For the foregoing reason the judgment is affirmed. Exc. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.